UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
BRIAN PORTERA,
                      Plaintiff,

   -against-

                                                              **COMPLAINT**

THE CITY OF NEW YORK, a municipal entity;
MICHAEL BLOOMBERG, Mayor of the City of New
York; RAYMOND KELLY, New York City Police          **JURY TRIAL**
Commissioner; MOISES MARTINEZ, New York City     **DEMANDED**
Police Officer, JOHN DOES 1-10, New York City
Police Officers; RICHARD ROES 1-10, New York City
Police Supervisors and Commanders,

                      Defendants.
------------------------------------------------------------------------ x

## PRELIMINARY STATEMENT

     1.     This is a civil rights action in which plaintiff, BRIAN PORTERA, seeks relief for defendants' violation, under color of state law, of his rights, privileges and immunities secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, the First, Fourth and Fourteenth Amendments to the United States Constitution, and the Constitution and laws of the State of New York, during the Republican National Convention in New York City in 2004 ("the RNC").

     2.     Defendants, THE CITY OF NEW YORK, a municipal entity; MICHAEL BLOOMBERG, Mayor of the City of New York; RAYMOND KELLY, New York City Police Commissioner; MOISES MARTINEZ, New York City Police Officer; JOHN DOES 1-10, New York City Police Officers; and RICHARD ROES 1-10, New York City Police Supervisors and Commanders, acting individually and in their official capacities, jointly and severally, implemented, enforced, encouraged, sanctioned and/or ratified policies, practices and/or customs to punish those

engaging in, and those merely observing, peaceful protest during the RNC.

3. Pursuant to defendants' policies, practices, and/or customs, plaintiff, BRIAN PORTERA, was falsely arrested; subjected to excessive force; deprived of liberty and personal property without due process of law; denied adequate medical attention while in custody and otherwise detained in inhumane conditions and for an excessive length of time; and maliciously prosecuted, *inter alia.*

4. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorneys fees and costs, and such other and further relief as the Court deems proper.

## JURISDICTION

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343 (3) and (4), as this action seeks redress for the violation of plaintiff's constitutional and civil rights.

6. Plaintiff's claim for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

7. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state constitutional and state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

8. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b)(2), in that this is the judicial district in which the events giving rise to the claim occurred.

## JURY DEMAND

9. Plaintiff demands a trial by jury in this action on each and every one of his claims.

**PARTIES**

10. Plaintiff, BRIAN PORTERA, is a citizen and resident of Oregon.

11. Defendant CITY OF NEW YORK ("the City") is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The City assumes the risks incidental to the maintenance of a police force and the employment of police officers.

12. Defendant MICHAEL BLOOMBERG is and was, at all times relevant herein, the Mayor of the City of New York and the chief policy making official for the City and its departments, including the New York City Police Department ("NYPD") and is responsible, in whole and/or in part, for the creation, implementation, promulgation and enforcement of the policies, practices and/or customs complained of herein. He is sued in both his individual and official capacities.

13. Defendant RAYMOND KELLY is and was at all times relevant herein, the Police Commissioner for the City of New York, and he is responsible, in whole and/or in part, for the creation, implementation, promulgation and enforcement of the policies, practices and /or customs complained of herein. He is sued individually and in his official capacity.

14. Defendant MOISES MARTINEZ, Shield No. 04953, is, or was at all times relevant to this complaint, a police officer employed by the NYPD. He is sued individually and in his official capacity.

15. Defendants JOHN DOES 1-10 are, or were at all times relevant to this complaint, police officers employed by the NYPD. They are sued individually and in their official capacity.

16. Defendants RICHARD ROES 1-10 are, or were at all times relevant to this complaint, commanders and/or supervisors employed by the NYPD. They are sued individually and in their official capacity.

17. Defendants BLOOMBERG, KELLY, MARTINEZ, JOHN DOES 1-10, and RICHARD ROES 1-10 (collectively, "the individual defendants") are, or at all times relevant to the complaint were, employees, agents, servants, and/or officers of the City of New York and/or the NYPD.

18. At all times relevant herein, each of the individual defendants acted under color of law in the course and scope of his duties and functions as an agent, employee, servant, and/or officer of the City and/or the NYPD in engaging in the conduct described herein.

19. At all times relevant herein, the individual defendants have acted for and on behalf of the City and/or the NYPD with the power and authority vested in them as officers, agents, servants, and/or employees of the City and/or the NYPD, and incidental to the lawful pursuit of their duties as officers, agents, servants, and/or employees of the City and/or the NYPD.

20. At all times relevant herein, the individual defendants violated clearly established constitutional standards under the First, Fourth, and Fourteenth Amendments of which a reasonable police officer and/or public official under his respective circumstances would have known.

## FACTS APPLICABLE TO ALL CLAIMS

21. In the evening on August 31, 2004, plaintiff, BRIAN PORTERA, was lawfully present in the vicinity of Madison Avenue and 27th Street.

22. PORTERA was observing and reporting on RNC-related demonstration activity for a Web-based radio outlet.

23. At or around the aforesaid time and place, members of the NYPD began indiscriminately arresting people present in that vicinity.

24. At no time did PORTERA violate any law, regulation, or ordinance, or any order of a police officer.

25. Notwithstanding the absence of probable cause or reasonable suspicion to believe plaintiff had committed any crime or offense, PORTERA was pushed to the ground, handcuffed, and placed under arrest by defendant MARTINEZ.

26. After apprehending plaintiff, defendant MARTINEZ intentionally destroyed the digital camera plaintiff had been carrying by stomping on it.

27. Additionally, defendant MARTINEZ intentionally kicked away the cellphone plaintiff had been carrying. Plaintiff was never able to retrieve the cellphone.

28. Plaintiff suffers from Crohn's disease, a serious intestinal disease that required him to have an ileostomy and requires him to drink fluids frequently.

29. Plaintiff was detained with other arrestees in hot NYPD-operated vehicles for many hours while awaiting to be transported to, and then brought into, Pier 57.

30. Although plaintiff, and other arrestees acting on his behalf, repeatedly alerted defendant MARTINEZ and other members of the NYPD, including several JOHN DOES and RICHARD ROES, to plaintiff's medical condition and his need for water, these requests were largely ignored or denied.

31. As a result of being deprived of water, plaintiff became dehydrated and ill and, *inter alia*, vomited on himself and the area surrounding him.

32. Even after this episode, members of the NYPD, including defendant MARTINEZ and

several JOHN DOES and RICHARD ROES, did not bring plaintiff water and delayed bringing plaintiff to a doctor or medic.

33. Eventually, plaintiff was transported in police custody to the emergency room at St. Vincent's Hospital in Manhattan, where, *inter alia*, he had to be given intravenous fluids.

34. Prior to plaintiff's being taken to St. Vincent's, one of the RICHARD ROE defendants – RICHARD ROE 1, an NYPD supervisor present at Pier 57 – spoke with MARTINEZ and, on information and belief, other RICHARD ROES and JOHN DOES, about plaintiff's situation. At some point, RICHARD ROE 1 and MARTINEZ became angry with plaintiff because, on information and belief, plaintiff's medical condition presented them with a difficult and potentially embarrassing situation.

35. Prior to plaintiff's being taken to the emergency room, RICHARD ROE 1 stated, in sum and substance, that plaintiff should be returned to Pier 57 from the hospital and should be the last person to leave Pier 57.

36. After being treated at St. Vincent's, plaintiff was taken back to Pier 57, where he was held in filthy and inhumane conditions, and without ready access to water, for many hours.

37. Plaintiff was, in fact, among the last detainees to be removed from Pier 57. Eventually plaintiff was transported to 100 Centre Street, where he was held until his release on the morning of September 2, 2004.

38. Overall, plaintiff was held in custody for approximately 33 hours.

39. Plaintiff was arraigned and charged with Criminal Possession of a Weapon in the Second Degree, Reckless Endangerment in the Second Degree, Riot in the Second Degree, and Disorderly Conduct.

40. Plaintiff pleaded not guilty to all of the charges, which were false and falsely sworn to by defendant MARTINEZ, and were initiated and continued maliciously and without probable cause, and in order to cover up the wrongful conduct of defendant MARTINEZ and other defendants.

41. On information and belief, defendant MARTINEZ conspired and acted in concert with RICHARD ROE 1, and, on information and belief, other RICHARD ROES and JOHN DOES, to initiate serious and baseless charges against plaintiff.

42. To defend the charges against him, plaintiff was forced to return to New York from Oregon on multiple occasions, incurring substantial expense. All of the charges were eventually dismissed upon motion of the District Attorney for lack of evidence.

43. The individual defendants' acts and omissions described above were intentional, wanton, willful and malicious, and were performed with deliberate indifference and/or in reckless disregard of PORTERA's constitutional rights, entitling plaintiff to punitive damages.

44. Each of the actions complained of herein was part of and pursuant to a policy, custom, and/or practice of the City and/or the NYPD of stifling protest during the RNC by engaging in mass arrests of demonstrators, those perceived to be demonstrators, and those merely in the vicinity of demonstrators, without individualized suspicion or probable cause.

45. Each of the actions complained of herein was part of and pursuant to a policy, custom, and/or practice of the City and/or the NYPD of stifling protest during the RNC by failing to properly screen, train, supervise, discipline and/or monitor police officers with respect to the rights of demonstrators, those perceived to be demonstrators, and those in the vicinity of demonstrators.

46. The filthy, unhealthy and dangerous conditions at Pier 57, the inhumane treatment and denial of water and prompt medical attention that plaintiff suffered while in custody, and the

excessive length of time plaintiff was held in custody, *inter alia*, were part of and pursuant to a policy, custom, and/or practice of the NYPD and/or the City of stifling protest during the RNC by subjecting to abuse demonstrators, those perceived to be demonstrators, and those in the vicinity of demonstrators, and/or by encouraging, ratifying, sanctioning, and/or acting with deliberate indifference toward threats to the health, safety, and rights of such individuals.

47. Said policies, customs, and/or practices were created, designed, implemented, enforced, and/or ratified on behalf of the CITY OF NEW YORK and the NYPD by defendants KELLY and BLOOMBERG.

48. As a direct and proximate result of the foregoing actions, including defendants' wrongful policies, practices, customs and/or usages complained of herein, PORTERA has suffered physical injury, pain, and suffering, mental anguish, embarrassment, humiliation, and emotional distress, deprivation of liberty and property, and loss of income and other expenses.

**FEDERAL CLAIMS**

49. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 48 as if fully set forth herein.

50. The acts and conduct described above did violate PORTERA'S rights

(a) not to be deprived of liberty without due process of law;
(b) not to be deprived of property without due process of law;
(c) to be free from unreasonable search and seizure;
(d) not to be subjected to excessive or unreasonable use of force;
(e) to be free from false arrest, imprisonment, and unjustified detention;
(f) not to be detained in cruel and inhumane conditions
(g) not to be detained for an excessive period of time
(h) to receive adequate medical care while in police custody
(i) to be free from malicious prosecution;
(j) to engage in speech, peacable assembly, and association
(k) to be free from conspiracy to violate his federally protected rights

8

all in violation of the First, Fourth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

51.   Defendant CITY OF NEW YORK is liable for the foregoing violations inasmuch as they occurred pursuant to the municipal policies, practices, and/or customs described above, in particular at paragraphs 44-47.

52.   As a result of the acts and conduct of the defendants complained of herein, PORTERA has suffered physical injury, pain, and suffering, mental anguish, embarrassment, humiliation, and emotional distress, deprivation of liberty and property, and loss of income and other expenses.

## STATE CLAIMS

53.   Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 52 as if fully set forth herein.

54.   The acts and conduct of the defendants constitute assault and battery, false arrest and imprisonment, malicious prosecution, abuse of process, negligence and gross negligence, negligence in training, hiring, and supervision, and conspiracy, under the laws of the State of New York. These acts and conduct also violated PORTERA's rights under Article I, §§ 6, 8 and 12 of the Constitution of the State of New York.

55.   Defendant CITY OF NEW YORK is liable for the actions of the individual defendants under the doctrine of respondeat superior.

56.   As a result of the acts and conduct of the defendants complained of herein, PORTERA has suffered physical injury, pain, and suffering, mental anguish, embarrassment, humiliation, and emotional distress, deprivation of liberty and property, and loss of income and other

expenses.

57.     Plaintiff served a notice of claim upon defendant CITY OF NEW YORK within 90 days of the incident and has otherwise complied with the statutory requirements of the General Municipal Law of the State of New York. Although more than 30 days have elapsed since service of the notice and since plaintiff's 50-h hearing, this defendant has neglected to adjust or pay such claim.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all defendants:

(a) a declaration that defendants violated the federal rights of plaintiff;

(b) compensatory damages for physical, emotional, and economic injuries suffered by plaintiff by reason of defendants' unlawful and unjustified conduct, in an amount just and reasonable and in conformity with the evidence at trial;

(c) punitive damages against the individual defendants to the extent allowable by law;

(d) attorneys fees;

(e) the costs and disbursements of this action; and

(f) such other and further relief as appears just and proper.

Dated:     New York, New York
           November 28, 2005

_____/s/_____
JONATHAN C. MOORE (JM 6902)
DAVID MILTON (DM 1853)
MOORE & GOODMAN, LLP
99 Park Avenue, Suite 1600
New York, New York 10016
(212) 353-9587

*Attorneys for the Plaintiff*