

**MEMO ENDORSED**

THE CITY OF NEW YORK

MICHAEL A. CARDOZO
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

FRED M. WEILER
*Assistant Corporation Counsel*
Phone: (212) 788-1817
Fax: (212) 788-9776
fweiler@law.nyc.gov

January 20, 2006

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/20/06

**BY HAND**
The Honorable James C. Francis
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

*DOCKET IN BOTH CASES*

Re:   *Portera v. City of New York et al.* (05 CV 9985) (KMK) (JCF)
      *Reuben v. City of New York et al.* (05 CV 9987) (KMK) (JCF)

Dear Judge Francis:

    I am an assistant in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for Defendant City of New York (the "City"). I write with respect to the above-referenced matters, in which plaintiffs set forth constitutional claims relating to their alleged false arrests and unreasonable detention during the 2004 Republican National Convention.

    The City's time to respond to each of the complaints will expire on or about January 30, 2006. With this letter, the City respectfully requests that its time to respond to each complaint be extended to and including March 27, 2006.[1] This request is made with the consent of plaintiffs' counsel.

---

[1] In addition, plaintiffs in each case name several police officers as co-defendants. Without appearing or making any representations on their behalf, in the event that these officers were properly served, this office respectfully requests that the same extension be granted to them so that their defenses are not jeopardized while representation issues are being decided.

Hon. James C. Francis
January 20, 2006
Page 2

    In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, this additional time is needed to investigate the allegations of the complaints. It is our understanding that the records of the underlying criminal actions, including police records, may have been sealed pursuant to New York Criminal Procedure Law § 160.50. Therefore, this office has forwarded to plaintiffs' counsel, for execution by each plaintiff, a consent and authorization for the release of sealed records so that the City can access the information, properly assess the case, and respond to the complaint. It takes from 30 to 45 days after the consent is received for the subject records to be unsealed and released to this office.

    No previous request for an extension has been made by the City. Accordingly, it is respectfully requested that the City's time to answer or otherwise respond to the complaints in the above-referenced actions be extended to and including March 27, 2006.

    Thank you for your time and attention.

Respectfully submitted,

Fred M. Weiler (FW 5864)

cc:    David Milton, Esq. (by mail)

1/20/06
Application granted.
So ORDERED.

James C. Francis IV
USMJ

2