UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

BRIAN PORTERA,

                                   05-CV-9985 (KMK) (JCF)

                  Plaintiff,       ECF Case

      -against-

THE CITY OF NEW YORK, a municipal entity, et al.,

                  Defendants.

-------------------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT

Jonathan C. Moore (JM 6902)
Rachel Kleinman (RK 2141)
BELDOCK LEVINE & HOFFMAN LLP
99 Park Avenue
New York, New York 10016
(212) 490-0400

*Attorneys for Plaintiff*

August 27, 2004

## INTRODUCTION and PROCEDURAL HISTORY

The original Complaint in this civil rights action was filed on November 28, 2005. This complaint named defendants City of New York, Michael Bloomberg, Raymond Kelly, Police Officer Moises Martinez, and NYPD officers and supervisors John Does 1-10 and Richard Roes 1-10.

On Wednesday, August 15, 2007, plaintiff forwarded to defense counsel a proposed First Amended Complaint seeking consent to add additional defendants and claims.

As defendants have not responded, plaintiff brings this motion for leave to file the proposed First Amended Complaint, attached hereto as Exhibit A. This First Amended Complaint adds: (1) multiple defendants who have been identified in discovery as responsible in whole and/or in part for the alleged violations of the plaintiffs' and putative class members' civil rights; (2) a constitutional challenge to the defendants' admitted policy of fingerprinting all persons arrested in connection with the 2004 Republican National Convention ("RNC") and (3) a constitutional challenge to the alleged policy and/or practice of instituting a system of sworn statements by police officers to attempt to justify unlawful and indiscriminate mass arrests.[1]

Plaintiff seeks to file the First Amended Complaint because facts which support the addition of the new defendants have become known through the discovery provided by defendants since the original Complaint was filed -- discovery which is still continuing rapidly

---

[1] Plaintiff has also made organization changes to the complaint and included amplified factual allegations based on information learned in discovery since the original complaint was filed.

1

apace.[2]  The proposed amendments to the complaint are not prejudicial to defendants.  Plaintiff's

initial complaint clearly delineated the acts for which plaintiff is suing and made obvious,

through the use of John Doe and Richard Roe defendants, that plaintiff expected to identify

additional defendants involved in those acts as discovery proceeded.  And with the exception of

the allegations against the NYPD Legal Bureau, the newly pled claims in the proposed First

Amended Complaint  were previously asserted in other RNC-related actions, with which this

case has been consolidated for purposes of discovery.  Regarding the Legal Bureau's role during

the RNC, the parties have been litigating RNC plaintiffs' allegations in that regard for nearly ten

months – i.e., since the plaintiffs in *MacNamara* filed their motion to compel documents as to

which defendants had asserted the attorney-client privilege on October 30, 2006.  For these

reasons and as justice requires, plaintiff respectfully requests leave to file the proposed First

Amended Complaint.

## ARGUMENT

A.    LEGAL STANDARD

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend a

pleading "shall be freely given when justice so requires."

> The Rule reflects two of the most important principles behind the Federal Rules:
> pleadings are to serve the limited role of providing the opposing party with notice
> of the claim or defense to be litigated, see Conley v. Gibson, 355 U.S. 41, 47-48
> (1957), and 'mere technicalities' should not prevent cases from being decided on
> the merits, see Foman v. Davis, 371 U.S. 178 (1962). See also 6 Charles Alan
> Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civil
> 2d § 1471 (2d ed.1990).

---

[2]As the Court is well aware, defense witness depositions in the consolidated RNC actions
have been so-ordered at a rate of several per week continuing through the middle of November
2007.

2

Monahan v. New York City Dept. of Corrections, 214 F.3d 275, 283 (2d Cir. 2000).  Accord

McKenna v. Incorporated Village of Northport, 2007 WL 2071603, at *3 (E.D.N.Y. July 13,

2007); Spiegler v. City of New York, 2006 WL 2587990, *2 (S.D.N.Y. Sept. 8, 2006).

Leave to amend a complaint falls within the sound discretion of the trial court.  Zenith Radio

Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971); O'Hara v. Weeks Marine, Inc., 294

F.3d 55, 70 (2d Cir. 2002).  However, amendments as a general matter are favored in order "to

facilitate a proper decision on the merits."  Foman, 371 U.S. at 182 (quoting Conley, 355 U.S. at

48).

    The courts have articulated four primary reasons why a court would not otherwise permit

an amendment to a complaint under Rule 15.  These include undue delay, bad faith, prejudice to

the opposing party, and futility of the amendment.  See Foman, 371 U.S. at 182; Monahan, 214 at

283.  As none of these factors are present in the instant case, the Court should therefore grant

plaintiff's motion to amend the complaint.  See Monahan, 214 at 283.

B.    ADDITION OF NEW DEFENDANTS

    Plaintiff seeks to add the following new defendants for the reasons stated below.  There is

no prejudice to defendants as the identity of these individuals and the role they played in

affecting arrests and detentions during the RNC, and in designing and implementing the policies

and practices challenged in plaintiff's Complaint and the 10-months' old motion practice

concerning attorney-client privilege with the NYPD Legal Bureau, were at all times available to

defendants.  Given that discovery in these consolidated actions is massive and on-going, there

has been no undue delay or bad faith by plaintiff in electing to file a first amended complaint at

the close of the statute of limitations rather than making multiple, incremental motions to amend

along the way.

### 1.  Policy & Practice Defendants

Plaintiff seeks leave to add **Joseph Esposito** because he was the Chief of Department of the NYPD, and he was responsible at the time of the RNC, in whole and/or in part, for the creation, implementation, promulgation and enforcement of the policies, practices and /or customs complained of in in plaintiff's pleadings.

Plaintiff seeks leave to add **Thomas Graham** because he was the Commanding Officer of the Disorder Control Unit of the NYPD and he was responsible at the time of the RNC, in whole and/or in part, for the creation, implementation, promulgation and enforcement of the policies, practices and/or customs complained of in in plaintiff's pleadings.

Plaintiff seeks leave to add **John J. Colgan** because he was the Deputy Chief in the NYPD and was the senior official overseeing the NYPD's operations at Pier 57 and he was responsible, in whole and/or in part, for the creation, implementation, promulgation and enforcement of the policies, practices and/or customs complained of in plaintiff's pleadings.

Bloomberg, Kelly, Esposito**,** Graham and Colgan have all been named as defendants in multiple other of the consolidated RNC cases and their addition in this action is not prejudicial to defendants**.**

### 2.  Legal Bureau Claim and Defendants

The First Amended Complaint includes the allegation that the NYPD Legal Bureau spearheaded and/or participated in the systematic creation of perjured sworn statements by police officers to attempt to justify unlawful arrests made during the week of the RNC.  The evidentiary basis for this allegation of systemic perjury was set forth in the *MacNamara* plaintiffs' October

4

30, 2006 motion to compel production of documents and January 30, 2007 reply (including the

1/30/07 letter brief submitted by Michael Spiegel, Esq.), wherein the *MacNamara* plaintiffs

challenged defendants' assertion of the attorney-client privilege pursuant to the crime-fraud

exception. The evidentiary basis was further articulated in the *MacNamara* plaintiffs' Rule 72

objections [Docket Entry No. 135] to this Court's March 14, 2007 decision  [Docket Entry No.

133]. Further evidence of the Legal Bureau's role in creating falsified sworn statements has been

presented to the Court as it becomes available. See, e.g., 8/16/07 Letter from Jonathan Moore

and Rachel Kleinman to Judge Karas.

**Stephen Hammerman** was Deputy Commissioner for Legal Matters of the New York

City Police Department at the time of the RNC, in which capacity he oversaw the operations of

the NYPD Legal Bureau. Exhibit [B] - Hammerman Tr. at 4-5, 59, 102. He is therefore

ultimately responsible for the actions and/or omissions committed by the Legal Bureau in

connection with the RNC,

**Thomas Doepfner**, Assistant Deputy Commissioner for Legal Matters, coordinated and

supervised members of the NYPD Legal Bureau assigned to work during the RNC, including at

the Post Arrest Staging Site at Pier 57 where Legal Bureau attorneys assisted arresting officers

with the preparation and falsification of their arrest narratives and memo book entries. Deputy

Commissioner Hammerman also testified that he delegated his authority to Doepfner with regard

to operations of the Legal Bureau during the RNC. See Exhibit [C ] - P.O. Cai testimony;

Exhibit [B] - Hammerman Tr. at 102, 105, 106.

**Ruby Marin-Jordan**, Special Counsel to the New York City Police Department, was

also present at Pier 57 during the RNC. Exhibit [B] - Hammerman Tr. at 102. Defendants

represent that she possesses personal knowledge on the subject of the Legal Bureau's role at Pier 57. See Exhibit [D] - Schiller/Dinler Revised Witness List at p. 2. Additionally, defendants have represented that Marin-Jordan, together with Assistant Deputy Commissioner Doepfner, was in charge of NYPD Legal Bureau attorneys at Pier 57, which is where Legal Bureau attorneys assisted arresting officers with the preparation and, at least in some instances, falsification of their arrest narratives and memo book entries.

3.    **Captain Dermot Shea**

Plaintiff seeks leave to add **Captain Dermot Shea** as a defendant for his arrest on Park Avenue and 26th Street. Captain Shea's driver, Sergeant Michael Ingram, allegedly observed the conduct of arrestees at this RNC demonstration site. Captain Shea, who has not yet been deposed, arrived at the arrest location with Sergeant Ingram and was present at the scene when arrests were made. The extent of his involvement in the plaintiff's arrest is unclear but as he has not yet been deposed, plaintiff has no choice but to name Captain Shea as a defendant to preserve his rights in light of the expiring the statute of limitations.

C.    ADDITION OF NEW CLAIMS

The proposed First Amended Complaint adds: (1) a constitutional challenge to the defendants' admitted policy of fingerprinting all persons arrested in connection with RNC and (2) a constitutional challenge to the alleged policy and/or practice of instituting a system of sworn statements by police officers to attempt to justify unlawful and indiscriminate mass arrests.

**Constitutional Challenges**

There is no prejudice to defendants in amending the pleadings to assert challenges to the NYPD's fingerprinting policy during the RNC or the alleged system of creating false sworn

6

statements by police officers.

Complaints in other RNC-related actions, with which this case has been consolidated for purposes of discovery, have long included all of these claims plaintiff seeks to add, thus providing notice to defendants that these issues would be part of the RNC litigation. See, e.g., 10/7/04 Complaint in Dinler v. City of New York, 04-CV-7921 (KMK)(JCF) at ¶ 72 and p. 22 (challenging blanket fingerprinting policy and seeking injunction ordering the return or expungement of fingerprints)[3]; 3/15/06 Complaint in Kyne v. Wolfowitz, 06-CV-2041 (KMK) (JCF) at ¶¶ 171, 530, 622 (alleging defendants had a policy/practice of ordering, encouraging and/or facilitating the swearing out of false accusatory instruments)..

Finally, as noted above, no prejudice can be shown by defendants since Rule 15(b) permits pleadings to be amended to conform to the evidence "at any time, even after judgment" and "the court . . . shall [allow amendment of the pleadings] freely when the presentation of the merits of the action will be subserved thereby." Plaintiff seeks the opportunity to add these claims at this point, in order to more clearly define the scope of the litigation.

Plaintiff further adopts the any and all arguments set forth in the motion to amend the *MacNamara* complaint filed on August 27, 2007.

---

[3]Similar injunctive relief is frequently requested in cases alleging the wrongful arrest of demonstrators and people in the vicinity of demonstrations. See, e.g., Chang v. U.S., 217 F.R.D. 262, 264 (D.D.C. 2003) (plaintiffs in four consolidated civil rights actions seek "an order sealing or expunging the arrest records of all individuals arrested in Pershing Park on Sept. 22, 2002"); Carr v. District of Columbia, Civ. A. No. 06-00098 (ESH), Motion for Class Certification [Docket No. 24-1] at p. 4 (seeking injunction "requiring expungement of class members' arrest records and return of fines paid"); Vodak v. City of Chicago, No. 03 C 2463 (Coar, U.S.D.J.), Plaintiffs' Motion for Class Certification [Docket No. 27] at p. 15 ("Plaintiffs also seek injunctive and declaratory relief in the form of the expungement or return of all records regarding their detentions and/or arrests.")

## CONCLUSION

Plaintiff should be permitted to obtain "a proper decision on the merits" of his claims.

Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103 (1957). No undue delay, bad faith, or

prejudice to the opposing parties would result from allowing the proposed amendments to the

complaint. For the reasons stated above, and because justice so requires, plaintiff respectfully

requests that his Motion for Leave to File First Amended Complaint be granted, together with

such further and additional relief as the Court deems appropriate.

Dated:      New York, New York
            August 27, 2007


                                        _____/s/_____
                                        Jonathan C. Moore (JM 6902)
                                        Rachel M. Kleinman (RK 2141)
                                        BELDOCK LEVINE & HOFFMAN LLP
                                        99 Park Avenue
                                        New York, New York 10016
                                        (212) 490-0400


                                        *Attorneys for Plaintiff*

8