UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ x
BRIAN PORTERA,

                        Plaintiff,

-versus-                                  **05 CV 9985** **(RJS)(JCF)**

THE CITY OF NEW YORK, et al.

                        Defendants.
------------------------------------------------------------------------ x

## ANSWER TO FIRST AMENDED COMPLAINT

        Defendants The City of New York, Michael Bloomberg, Raymond Kelly, Stephen Hammerman, Thomas Doepfner, Ruby Marin-Jordan, Joseph Esposito, Thomas Graham, John Colgan, Dermot Shea and Moises Martinez ("Defendants"), by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the First Amended Complaint ("Complaint"), respectfully allege, upon information and belief, as follows:

<u>AS TO THE "PRELIMINARY STATEMENT"</u>

        1.     Defendants deny the allegations set forth in paragraph "1" of the Complaint, except admit that plaintiff seeks relief.

        2.     Defendants deny the allegations set forth in paragraph "2" of the Complaint.

        3.     Defendants deny the allegations set forth in paragraph "3" of the Complaint.

        4.     Defendants deny the allegations set forth in paragraph "4" of the Complaint, except admit that plaintiff seeks relief.

## AS TO "JURISDICTION"

5. Defendants deny the allegations set forth in paragraph "5" of the Complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as set forth therein.

6. Defendants deny the allegations set forth in paragraph "6" of the Complaint.

7. Defendants deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as set forth therein.

## AS TO "VENUE"

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

## AS TO "JURY DEMAND"

9. Defendants deny the allegations set forth in paragraph "9" of the Complaint, except admit that plaintiff demands a trial by jury.

## AS TO "PARTIES"

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Defendants deny the allegations set forth in paragraph "11" of the Complaint, except admit that The City of New York is a municipal corporation duly organized and operating under the laws of the State of New York.

12. Defendants deny the allegations set forth in paragraph "12" of the Complaint, except admit that Michael Bloomberg is the Mayor of the City of New York.

13. Defendants deny the allegations set forth in paragraph "13" of the Complaint, except admit that Raymond Kelly is the Police Commissioner of the City of New York.

14. Defendants deny the allegations set forth in paragraph "14" of the Complaint, except admit that Stephen Hammerman was an employee of the City of New York.

15. Defendants deny the allegations set forth in paragraph "15" of the Complaint, except admit that Thomas Doepfner is an employee of the City of New York.

16. Defendants deny the allegations set forth in paragraph "16" of the Complaint, except admit that Ruby Marin-Jordan is an employee of the City of New York.

17. Defendants deny the allegations set forth in paragraph "17" of the Complaint, except admit that Joseph Esposito is an employee of the City of New York.

18. Defendants deny the allegations set forth in paragraph "18" of the Complaint, except admit that Thomas Graham is an employee of the City of New York.

19. Defendants deny the allegations set forth in paragraph "19" of the Complaint, except admit that John Colgan is an employee of the City of New York.

20. Defendants deny the allegations set forth in paragraph "20" of the Complaint, except admit that Dermot Shea is an employee of the City of New York.

21. Defendants deny the allegations set forth in paragraph "21" of the Complaint, except admit that Moises Martinez is an employee of the City of New York.

22. Defendants deny the allegations set forth in paragraph "22" of the Complaint.

23. Defendants deny the allegations set forth in paragraph "23" of the Complaint.

24. Defendants deny the allegations set forth in paragraph "24" of the Complaint, except admit that Defendants Bloomberg, Kelly, Doepfner, Marin-Jordan, Esposito, Graham, Colgan, Shea and Martinez are employees of the City of New York.

25. Defendants deny the allegations set forth in paragraph "25" of the Complaint.

26. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Defendants deny the allegations set forth in paragraph "27" of the Complaint.

AS TO "FACTS APPLICABLE TO ALL CLAIMS"

28. Defendants deny the allegations set forth in paragraph "28" of the Complaint.

29. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Defendants deny the allegations set forth in paragraph "30" of the Complaint.

31. Defendants deny the allegations set forth in paragraph "31" of the Complaint.

32. Defendants deny the allegations set forth in paragraph "32" of the Complaint.

33. Defendants deny the allegations set forth in paragraph "33" of the Complaint.

34. Defendants deny the allegations set forth in paragraph "34" of the Complaint.

35. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Defendants deny the allegations set forth in paragraph "36" of the Complaint.

37. Defendants deny the allegations set forth in paragraph "37" of the Complaint.

38. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Defendants deny the allegations set forth in paragraph "39" of the Complaint.

40. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Defendants deny the allegations set forth in paragraph "41" of the Complaint.

42. Defendants deny the allegations set forth in paragraph "42" of the Complaint.

43. Defendants deny the allegations set forth in paragraph "43" of the Complaint.

44. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45. Defendants deny the allegations set forth in paragraph "45" of the Complaint.

46. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint.

47. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

48. Defendants deny the allegations set forth in paragraph "48" of the Complaint.

49. Defendants deny the allegations set forth in paragraph "49" of the Complaint.

50. Defendants deny the allegations set forth in paragraph "50" of the Complaint.

51. Defendants deny the allegations set forth in paragraph "51" of the Complaint.

52. Defendants deny the allegations set forth in paragraph "52" of the Complaint.

53. Defendants deny the allegations set forth in paragraph "53" of the Complaint.

54. Defendants deny the allegations set forth in paragraph "54" of the Complaint.

55. Defendants deny the allegations set forth in paragraph "55" of the Complaint.

56. Defendants deny the allegations set forth in paragraph "56" of the Complaint.

AS TO "FEDERAL CLAIMS"

57. In response to the allegations set forth in paragraph "57" of the Complaint, Defendants repeat and re-allege all of the preceding paragraphs of the answer, as if fully set forth herein.

58. Defendants deny the allegations set forth in paragraph "58" of the Complaint.

59. Defendants deny the allegations set forth in paragraph "59" of the Complaint.

60. Defendants deny the allegations set forth in paragraph "60" of the Complaint.

### AS TO "STATE CLAIMS"

61. In response to the allegations set forth in paragraph "61" of the Complaint, Defendants repeat and re-allege all of the preceding paragraphs of the answer, as if fully set forth herein.

62. Defendants deny the allegations set forth in paragraph "62" of the Complaint.

63. Defendants deny the allegations set forth in paragraph "63" of the Complaint.

64. Defendants deny the allegations set forth in paragraph "64" of the Complaint.

65. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Complaint.

66. Defendants deny the remaining allegations of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

67. The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

68. There was probable cause for plaintiffs' arrest, detention and prosecution.

**THIRD AFFIRMATIVE DEFENSE**

69. Any and all injuries alleged in the Complaint were caused, in whole or in part, by plaintiff's culpable, negligent or intervening conduct and were not the proximate result of any act of Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

70. This action is barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

71. Defendants have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and, therefore, they are entitled to qualified immunity.

**SIXTH AFFIRMATIVE DEFENSE**

72. Punitive damages are not recoverable against The City of New York. Punitive damages cannot be recovered against the other Defendants and, if available, the amount of such damages shall be limited by applicable state and federal law, including due process and other provisions of law.

**SEVENTH AFFIRMATIVE DEFENSE**

73. Defendants have not violated any rights, privileges or immunities secured to the plaintiff under the Constitution, the laws of the United States, the laws of the State of New York or any political subdivision thereof, nor have Defendants violated any act of Congress.

**EIGHTH AFFIRMATIVE DEFENSE**

74. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion.

### NINTH AFFIRMATIVE DEFENSE

75. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, Defendant The City of New York is entitled to governmental immunity from liability.

### TENTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred, in whole or in part, by their failure to comply with the conditions precedent to suit including, but not limited to, New York General Municipal Law §§ 50-e and 50-i.

### ELEVENTH AFFIRMATIVE DEFENSE

77. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### TWELFTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred, in whole or in part, by the doctrine of absolute immunity.

### THIRTEENTH AFFIRMATIVE DEFENSE

79. Process upon one or more of the Defendants was insufficient.

### FOURTEENTH AFFIRMATIVE DEFENSE

80. Service of process upon one or more of the Defendants was insufficient.

### FIFTEENTH AFFIRMATIVE DEFENSE

81. Service of process upon one or more of the Defendants was untimely pursuant to applicable law including Rule 4(m) and applicable orders of the Court.

### SIXTEENTH AFFIRMATIVE DEFENSE

82. The Court lacks personal jurisdiction over one or more of the Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

83. To the extent that Defendants used any force, it was reasonable, necessary and justified to accomplish their official duties and to protect their own physical safety and the physical safety of others.

### EIGHTEENTH AFFIRMATIVE DEFENSE

84. Plaintiff failed to mitigate plaintiff's damages.

### NINETEENTH AFFIRMATIVE DEFENSE

85. Plaintiff consented to the acts about which plaintiff complains.

### TWENTIETH AFFIRMATIVE DEFENSE

86. Plaintiff's claims are barred, in whole or in part, by plaintiff's contributory or comparative negligence and by plaintiff's assumption of the risk.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

87. Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, waiver and estoppel.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

88. Plaintiff lacks standing to demand declaratory relief.

**WHEREFORE,** Defendants request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       March 17, 2008

        MICHAEL A. CARDOZO
        Corporation Counsel of the City of New York
        Attorney for Defendants
        100 Church Street, Room 3-130
        New York, New York 10007
        (212) 788-8026

By:     _____/s/_____
        James Mirro (JM 2265)
        Special Assistant Corporation Counsel
        Special Federal Litigation Division