

| | THE CITY OF NEW YORK | |
|---|---|---|
| **MICHAEL A. CARDOZO**<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **RAJU SUNDARAN**<br>*Assistant Corporation Counsel*<br>Telephone: (212) 788-0467<br>Facsimile: (212) 788-9776<br>rsundara@law.nyc.gov |

August 7, 2008

**VIA HAND DELIVERY**

The Honorable James C. Francis IV
United States Magistrate Judge, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 1960
New York, New York 10007-1312

      Re:    <u>Portera v. City of New York, *et al.*,</u> 05 Civ. 9985 (RJS)(JCF)

Dear Judge Francis:

      Defendants respectfully request that the Court enter an order permitting defendants to conduct the deposition of a non-party witness, Dr. Lucy Rojo, who plaintiff expects to rely upon at trial or in a dispositive motion. Your Honor previously endorsed defendants' application to take the depositions of certain non-party witnesses on consent of the parties. (See Endorsed Letter from Tonya Jenerette, dated July 11, 2008, docketed in all RNC cases under <u>Schiller v. City of New York</u>, 04-CV-7922). This instant application concerns the deposition of a non-party witness, Dr. Rojo, where plaintiff has refused to consent to the deposition.

      Plaintiff first disclosed his intention to rely upon Dr. Rojo in a letter dated April 4, 2008 (the "April 4[th] Letter"). See April 4th Letter attached as Exhibit A. In that letter, plaintiff reserved the right to call at a trial of this matter Dr. Rojo, who has not been deposed. Defendants conferred with plaintiff's counsel in an effort to secure consent to proceed with the deposition of this non-party witness. However, plaintiff refused to consent on the ground that Dr. Rojo was previously disclosed in plaintiff's interrogatories.

      Taking the testimony of Dr. Rojo is critical to defendants' ability to effectively prepare for trial and craft dispositive motions. Without this testimony, defendants will be subject to ambush at trial or on summary judgment, a result which is highly prejudicial to defendants and does not serve justice. For these and the additional reasons set forth below, defendants respectfully request that the Court permit defendants to take Dr. Rojo's deposition.

### *Defendants First Learned That Plaintiff Would Rely On This Non-Party Witness At Trial On April 4, 2008.*

The non-party witness defendants seek to depose was identified for the first time in the April 4th Letter. Plaintiff claims that defendants should have deposed Dr. Rojo earlier in discovery when the name was disclosed in plaintiff's interrogatory responses. However, reliance on plaintiff's interrogatory responses would have required defendants to speculate, possibly to their detriment, about which witnesses plaintiff would likely call at trial or rely upon for summary judgment. In these RNC cases, it would have made no sense to depose hundreds of non-parties mentioned in vague interrogatory responses without first determining (1) what information the witness possessed and (2) whether plaintiff intended to rely upon that information at trial or on summary judgment.

More specifically, Dr. Rojo was only referred to in an interrogatory response. Plaintiff thus only provided sufficient notice of his intent to rely upon this witness at trial for the first time in the April 4th Letter. Defendants could not have reasonably sought to take the deposition of a non party witness prior to receiving that information. For this reason, defendants' request is timely.

### *Defendants Were Unable to Depose This Witness Until Now*

Moreover, as Your Honor is aware, from July, 2007 through January, 2008, defendants were ordered to take approximately 500 plaintiff depositions while simultaneously producing and defending approximately 300 NYPD witnesses. Defendants were thus engaged in more than five party depositions per day for months, which is many more than any single plaintiffs' counsel was ever required to do on any given day. Thus plaintiff's suggestion that defendants should have deposed hundreds of additional non-party witnesses – most of whom were not yet identified – during that time is simply unreasonable. Defendants had neither the time nor the personnel to take the depositions of non-party witnesses during that period. The timing of defendants' request is, therefore, necessitated by the party deposition schedule.

### *Defendants Will Be Severely Prejudiced If Their Application Is Denied*

Plaintiff will not suffer any prejudice if the Court grants defendants' application because discovery in these RNC litigations is still proceeding on several tracks. For example, as a result of recent court orders concerning failure to provide discovery, a number of plaintiffs have been scheduled for additional deposition testimony; discovery concerning intelligence issues is still ongoing; plaintiffs have stated their intent to recall witnesses after the Court's ruling on the deliberative process privilege; and the parties have yet to commence expert discovery in any of these cases, including the depositions of medical providers. Defendants anticipate that Dr. Rojo's deposition will be short in duration. For these reasons, the deposition requested here will not unduly prolong fact discovery, nor prejudice plaintiff in any material respect.

Any potential prejudice to plaintiff is minimal compared to the severe prejudice that defendants will suffer if the application is denied. The prejudice to defendants is magnified here because the depositions of likely trial witnesses are at issue. Plaintiff has reserved his right to

call Dr. Rojo whose testimony is sought here at trial or to rely upon her testimony in support of a motion for summary judgment. Defendants need to know the content of Dr. Rojo's testimony prior to trial or the filing of dispositive motions. Without that information, defendants are subject to ambush at trial, which is highly prejudicial to defendants, contrary to federal practice and a result that does not serve justice. *See generally, Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006).

### *Relief Requested*

For the reasons set forth above, defendants respectfully request that the Court issue an order permitting defendants to take the deposition of the non-party witness Dr. Lucy Rojo. The deposition shall be completed within 60 days of Your Honor's order.

Respectfully submitted,

Raju Sundaran

cc:   Rachel M. Kleinman, Esq. (via Email)

# EXHIBIT A

**BELDOCK LEVINE & HOFFMAN LLP**

99 PARK AVENUE

NEW YORK, N.Y. 10016-1503

ELLIOT L. HOFFMAN
MYRON BELDOCK
BRUCE E. TRAUNER
PETER S. MATORIN
KATHERINE G. THOMPSON
ROBERT L. HERBST
CYNTHIA ROLLINGS
JONATHAN MOORE
KAREN L. DIPPOLD
JEFFREY A. GREENBERG
JONATHAN K. POLLACK
VERA M. SCANLON

TEL: (212) 490-0400
FAX: (212) 557-0565
WEBSITE: blhny.com

LAWRENCE S. LEVINE (1934-2004)

SPECIAL COUNSEL
MARJORY D. FIELDS

COUNSEL
MELVIN L. WULF

April 4, 2008

REF:

WRITER'S DIRECT DIAL:

**VIA EMAIL**

James Mirro, Esq.
Assistant Corporation Counsel
Law Department of the City of New York
100 Church Street
New York, New York 10007

   Re: <u>Portera v. City of New York, et al.</u>,
      05-CV-9985 (RJS) (JCF)

Dear Jim:

  Barring the identification of any additional witnesses during discovery and/or depositions which is ongoing, the following is the list of the non-party non-deposed witnesses upon whom plaintiff reasonably intends to rely at trial:

  Dr. Lucy Rojo

  Plaintiff reserves the right to revise, supplement or shorten this list at the time of the joint pre-trial order. Plaintiff also reserves the right to call at trial any non-party, non-deposed witness identified by any of the other RNC plaintiffs' counsel or by defense counsel pursuant to Judge Francis's March 19 and March 26, 2008 Orders.

             Very truly yours,

             Rachel Kleinman